FILED '09 APR 08 14:01 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOBY KEVIN MULHOLLAND,

        Petitioner,        Civil No. 08-1079-TC

        v.        FINDINGS AND
                RECOMMENDATION

G. THOMAS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, a federal inmate housed by the BOP at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 alleging that the BOP has wrongfully denied him custody credit for time he served in Nebraska state custody before he was sentenced on his federal charge.

    Respondent now moves to deny petitioner's claim and

1 - FINDINGS AND RECOMMENDATION

dismiss this proceeding. Answer (#7)

As a preliminary matter, petitioner requests an extension of time to obtain state court sentencing transcripts which he contends would prove that his state sentence "was to run concurrent to his pending federal charge." Petitioner's Response (#11), p. 1.

For the reasons discussed below, the transcripts petitioner seeks to obtain and provide to the court are immaterial to his entitlement to credit for prior custody status. Accordingly, petitioner's request for extension of time is denied.

The Declaration of Forrest B. Kelly, Respondent's Exhibit 1 and exhibits thereto, establish the following facts.

On September 21, 2006, petitioner was arraigned and entered a no contest plea in the state district court of Lancaster County, Nebraska, on a charge of driving under the influence. Petitioner was not sentenced at that time.

On October 7, 2006, petitioner was arrested by Nebraska state authorities for the state offense of First Degree Forgery. The forgery was charge was dismissed on November 29, 2006, but petitioner's underlying conduct resulted in a federal indictment filed in the District Court for the

2 - FINDINGS AND RECOMMENDATION

District of Nebraska on November 15, 2006. On December 5, 2006, petitioner was released from state custody to the physical custody of federal authorities.

On December 20, 2006, before his federal criminal proceedings began, plaintiff was (at his request) released from federal custody so that he could resolve his state DUI conviction. The U.S. Marshal put a federal detainer on petitioner at that time.

On December 22, 2006, petitioner was sentenced to a 180-day state term of confinement for the DUI. On April 20, 2007, petitioner completed his state sentence and was released from state custody and taken back into federal custody.

On May 17, 2007, the United States District Court for the District of Nebraska sentenced petitioner to a 33 month term of imprisonment to be followed by a three year term of supervised release for Possession of Counterfeit Currency with Intent to Pass, in violation of 18 U.S.C. § 472. The sentencing court recommended placement at FCI Sheridan and ordered that petitioner "be given credit for detention while in official detention in this case from 10/8/06 to 12/20/06 and from 4/20/07 to today's date, 5/17/07." Respondent's Exhibit 1, Attachment 2, p. 2. The BOP provided petitioner

3 - FINDINGS AND RECOMMENDATION

with custody credit for the dates specified by the district court.

Title 18 U.S.C. § 3585(b) provides for the calculation of prior custody credit as follows:

Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

> (1) as a result of the offense for which the sentence was imposed;
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The Supreme Court has stated that under §3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also, United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991) (credit against a federal sentence, for time spent in official detention, can be credited only if it has not been credited against another sentence).

In this case, petitioner is currently serving a federal sentence for possession of counterfeit currency. He is

4 - FINDINGS AND RECOMMENDATION

seeking credit for the time he served on a state sentence for a DUI conviction that pre-dated the conduct giving rise to his federal charge. Thus, the prior custody credit provision in § 3585(b)(1) does not apply because petitioner's state sentence was not the "result of the offense for which [his federal] sentence was imposed." 18 U.S.C. § 3585(b)(2) does not apply because he was indicted on the federal charge after he was arraigned and pled guilty on the state DUI offense.

In addition. 18 U.S.C. § 3585 precludes petitioner from receiving credit toward his federal sentence for the 122 days he spent in state custody because that time was 'credited against another sentence," specifically petitioner's state DUI sentence.

Petitioner also argues that he is entitled to the 122 days of credit that he seeks because federal authorities retained primary jurisdiction over petitioner during the service of his state sentence so that his state sentence ran concurrently with his federal sentence.

Petitioner was not convicted of his federal charge until after he completed his state sentence. The state sentence could not run concurrently with a non-existent federal sentence, and at the time the federal sentence was imposed,

5 - FINDINGS AND RECOMMENDATION

petitioner's state term was fully discharged. Therefore petitioner's argument that his sentences ran concurrently is untenable as a factual matter.

Petitioner's reliance on <u>Bruggs v. Crabtree</u>, 32 F. Supp. 1215 (D. Or. 1998) is misplaced. <u>Bruggs</u> is factually and legally distinguishable from this case. In <u>Bruggs</u> the federal and state sentences existed at the same time and could have been served concurrently. Thus the issue of which authority had jurisdiction over the defendant (ie. primary jurisdiction) was relevant. In this case, the state and federal sentences did not overlap at any time. Therefore, concurrent sentences were not possible and primary jurisdiction is irrelevant.

Moreover, petitioner's claim that federal authorities retained primary jurisdiction over plaintiff while he served his state sentence is not convincing.

In general, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration. <u>Tomas v. Brewer</u>, 923 F.2d 1361, 1365 (9th Cir. 1991). However, the sovereign with priority jurisdiction may elect to relinquish it to another sovereign through bail release, dismissal of the state charges, parole release or expiration of the sentence. <u>Id.</u>; <u>Cozine v. Crabtree</u>, 15 F.

6 - FINDINGS AND RECOMMENDATION

Supp. 2d 997, 1017 (D. Or. 1998).

In this case, petitioner was first arrested by state police on a forgery charge. The state relinquished primary jurisdiction by dropping that charge. Federal authorities obtained physical custody of petitioner and held him on federal possession of counterfeit currency charges. On petitioner's own unopposed motion, the federal court ordered petitioner released from federal to state custody for sentencing on petitioner's outstanding DUI conviction. Thus, the federal authorities relinquished primary jurisdiction over petitioner to the state. The federal court did not convict or sentence petitioner until after the completion of his state sentence. Under these circumstances the federal authorities clearly relinquished primary jurisdiction over petitioner to the state. See, Buggs, supra.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have

7 - FINDINGS AND RECOMMENDATION

ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 8 day of April, 2009.

Thomas M. Coffin
United States Magistrate Judge